## BRADLEY v APEX LOAN COMPANY

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11870. Decided Oct 5, 1931

Harry Kaplan, Cleveland, for plaintiff in error.

L. A. Tucker, and H. C. Wedren, Cleveland, for defendant in error.

CROW, J.

Although the defense does not allege that the property purchased by defendant was the consideration of the note sued on, yet there were such facts pleaded (quite meagerly) which, if proved, might have established an indebtedness from the payee, assuming the payee to have been the seller of the articles, to defendant, which could have been set off against the note if plaintiff acquired the latter after maturity, or with knowledge or notice of the second defense.

Defendant had the right, by reason of having gone no further than to admit the execution of the note, to put plaintiff to proof it was owner, and if it claimed to be a holder in due course, that it acquired the note within the terms of the statute defining a holder in due course.

The condition of the record before us is such as to make prejudicially erroneous, the action of the court below in disposing of the case as it did, and requires a reversal of the judgment, to the end that the established proceedure be had.

Judgment reversed.

RICHARDS and WILLIAMS, JJ, concur.